**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **MARLON HEASTON,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **Case No. 3:25-cv-01377** |
| **v.** | ] | |
| | ] | **Chief Judge William L. Campbell, Jr.** |
| **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY,** | ] | **Magistrate Judge Barbara D. Holmes** |
| | ] | |
| | ] | |
| **Defendant.** | ] | |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on June 9, 2026. Counsel participating were: Brandon Hall and Salter Bowers for Plaintiff and Brook Fox and Ben Puckett for Defendant.[1] From the parties' proposed initial case management order (Docket No. 19) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted.

As a preliminary matter, the Court reminds the parties and their attorneys that all attorneys of record and attorneys who otherwise participate on behalf of a party in this case must familiarize themselves with and follow the case management procedures and instructions detailed in the Court's Notice and Order. (Docket No. 17)

---

[1] Mr. Puckett has not yet entered an appearance, which he must do promptly if he intends to further participate on behalf of Defendant in this case. *See* Local Rule 83.01(e).

## A. JURISDICTION

This Court has jurisdiction pursuant to 29 U.S.C. § 2617, 42 U.S.C. § 12117, 29 U.S.C. § 794a, and 28 U.S.C. § 1331. Venue is proper in the Middle District of Tennessee as all events giving rise to this action occurred in or around Davidson County, Tennessee.

## B. BRIEF THEORIES OF THE PARTIES

**For Plaintiff:**

This action arises out of Defendant's interference with Plaintiff Marlon Heaston's federally protected leave rights and its retaliation and discrimination against him for exercising those rights. Plaintiff brings claims under the Family and Medical Leave Act ("FMLA") for interference and retaliation, the Americans with Disabilities Act ("ADA") for discrimination based on his association with disabled family members, and Section 504 of the Rehabilitation Act.

Mr. Heaston was hired as Executive Principal at Moses McKissack Middle School in Davidson County around August 2021, where he achieved exceptional results, including elevating the school from Level 1 to Level 5 in Literacy and Numeracy. Beginning in May 2023, Mr. Heaston notified Defendant of his need to take intermittent leave to care for his father, who is disabled due to PTSD and dementia, and his daughter, who suffers from an enlarged heart condition. Defendant failed to offer FMLA leave or inform Mr. Heaston of his rights. Instead, Defendant reprimanded him for absences tied to his protected leave. In March 2024, Mr. Heaston formally requested and received approved intermittent FMLA leave. He subsequently took continuous FMLA leave from May 8 through June 3, 2024, for his own serious health condition. While on approved leave, Defendant counseled him for not answering work emails and, on May 28, 2024, issued a notice of non-renewal of his employment contract. Upon his return on June 3, 2024, Mr. Heaston discovered he had been replaced.

**For Defendant:**

Metro Nashville Public Schools ("MNPS") leadership informed Plaintiff multiple times that his time off work exceeded the maximum amount of intermittent FMLA leave for which he was approved. In fact, in the time period before he requested FMLA leave and before it was approved, and, later, upon his return from FMLA leave, Plaintiff took at least 77 days of sick leave (having nothing to do with FMLA leave). Throughout his tenure with MNPS, Plaintiff received two counseling memos, an intervention plan, a letter of reprimand, and numerous support meetings with his supervisors. During his tenure at the McKissack Middle School, Plaintiff shirked his responsibilities as Executive Principal. The school's staff often had to run the school for him in his absence. His attendance issues and general disengagement further damaged a priority school and deprived students of proper related arts classes. He failed to meet his obligations to hold school events, staff meetings, or perform the proper number of classroom visits. Plaintiff simply did not fulfill the requirements of his position and abused sick leave, leaving his employees and students without a steady principal for his entire tenure with MNPS.

Therefore, MNPS elected not to renew Plaintiff's principal contract for the following school year. Principal contracts run on a year-to-year basis, and principals do not have a property interest in their contracts unless they are tenured. Plaintiff was not tenured. Accordingly, MNPS had no obligation to renew his principal contract. This nonrenewal ended his ability to serve as a principal for the following school year, but Plaintiff remained eligible to be selected for teaching positions within the district. In short, Metro did not violate any of the laws cited by the Plaintiff. All employment actions in this case were taken for legitimate, business-related reasons.

**C. ISSUES RESOLVED**

Jurisdiction and venue.

## D. ISSUES STILL IN DISPUTE

Liability and damages.

## E. INITIAL DISCLOSURES

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which must include copies (not simply descriptions) of responsive documents and other materials (e.g., photos, videos, etc.), on or before **July 6, 2026**.

## F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make a **minimum of two independent, substantive** attempts at resolution. By no later than **October 9, 2026**, the parties must file a joint case resolution status report confirming their first substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** The parties' joint reports **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties' second attempt must be by mediation, which must be concluded by no later than **April 2, 2027**. Promptly upon selection of a mediator and scheduling of mediation, and by no later than **March 12, 2027**, the parties must file a joint notice of mediation details, which confirms their selection and identity of the selected mediator and the date on which mediation is scheduled. A report of mediation, which will constitute the second required case resolution status report, must be filed in accordance with Local Rule 16.05(b) and by no later than **two (2) business days following mediation**. The parties may participate in additional mediation by agreement

without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **That discovery may be ongoing or a dispositive motion may be pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

### G. DISCOVERY

The parties must, by no later than **March 5, 2027**: (i) complete all written discovery and depose all fact witnesses and (ii) bring all discovery disputes to the Court's attention, unless otherwise permitted by the Court. Written discovery and scheduling of depositions must proceed promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of any discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by filing of a joint discovery dispute statement

and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery dispute, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party' memorandum of law or response.

## H. MOTIONS TO AMEND OR TO ADD PARTIES

Any motions to amend or to add parties must be filed by no later than **September 18, 2026** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must clearly and conspicuously state that the amended pleading is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

## I. DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES

Plaintiff must identify and disclose all expert witnesses and expert reports on or before **January 8, 2027**. Defendant must identify and disclose all expert witnesses and expert reports on

or before **February 12, 2027**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **March 5, 2027**.

### J. ANOTHER CASE MANAGEMENT CONFERENCE

The Court does not set additional case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the case management schedule. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modification of the case management order as instructed below. The parties must also state whether they request an in-person or telephone case management conference.

### K. DISPOSITIVE MOTIONS

**Any motions under Fed. R. Civ. P. 12 must be filed and briefed in accordance with that rule and with Local Rule 7.01**. Motions for summary Judgment and all other non-Rule 12 dispositive motions must be filed by no later than **May 14, 2027**. Responses to dispositive motions shall be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support

of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy o time and expense for the parties, counsel, and the Court.

Before filing a summary judgment motion, attorneys are required to read and follow Local Rule 56.01 generally and specifically Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp.3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts." Counsel must carefully draft the statement of undisputed material facts and response to ensure that each is a concise, focused, and non-argumentative statement of facts (not opinions, argument, or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

**L. ELECTRONIC DISCOVERY**

The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and must, **within 14 days** of the date of entry of this initial case management order, either (i) filed as a stipulation of agreed-upon electronic discovery procedure or (ii) if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M. MODIFICATION OF THE CASE MANAGEMENT ORDER**

Any motion to modify the case management order or any case management deadline must be filed at least **seven (7) days** in advance of the earliest impacted deadline. Unless a joint motion,

the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so the that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension not cause any dispositive motion deadline, including response and reply briefs, to be no later than 120 days in advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the specific facts demonstrate good cause for modifications of the deadline as required by Fed. R. Civ. P. 16(b)(4). Failure to do so may result in denial of the requested extension.

**N. REQUESTS TO SEAL DOCUMENTS**

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Administrative Order No. 167 (Administrative Practices and Procedures for Electronical Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not

provide that documents produced in discovery and designated as 'confidential' will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE**

The **JURY** trial of this action is expected to last **approximately 3 to 4 days**. A trial date no earlier than **December 7, 2027** is respectfully requested.[2] If this date is not convenient for the District Judge, the parties respectfully request that trial not be set on any of December 21 or 28, 2027 or January 4, 2028 due to known commitments. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Chief Judge Campbell.

It is so ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge


Case 3:25-cv-01377 Document 20 Filed 06/17/26 Page 10 of 10 PageID #: 97